State, Howell, Pros'x, v. Cornell.

---

THE STATE, MARY HOWELL, PROSECUTRIX, v. DANIEL L. CORNELL, COLLECTOR OF EWING TOWNSHIP.

The holder of an annuity bond made in the penalty of $3000, conditioned for the payment to the obligee of the annual sum of $166.66, in semi-annual payments, can be taxed only on the sum actually due and payable at the time of the assessment.

*Hoyt v. Hoyt.

On *certiorari.*   In matter of taxation.

For the plaintiff, *A. G. Richey.*

For the defendant, *E. W. Scudder.*

The opinion of the court was delivered by

BEDLE, J.   This *certiorari* is brought to review an as-
sessment against the prosecutrix in the township of Ewing,
Mercer county, upon an annuity bond executed to her by
Theodore L. Howell, of the said township, in the penal sum
of three thousand dollars, bearing date March 6th, 1856,
and upon this condition, " that if the above bounden Theo-
dore L. Howell, his heirs, executors, administrators, or any
of them, shall and do, yearly and every year during the
natural life of the above named Mary Howell, well and truly
pay or cause to be paid to the said Mary Howell, or her as-
signs, the clear yearly sum of one hundred and sixty-six
dollars and sixty-six cents, in equal semi-annual payments,
on the first days of May and November, in each and every
year ; the first payment thereof to be made on the first day of
November next, then the above obligation to be void."   The
assessor valued the bond at $2770, it being a certain sum which,
at the legal rate of interest, would about produce the annuity.
The assessment was no doubt made upon that basis.

The seventh section of the supplement of March 28th, 1862,
to the act entitled " an act concerning taxes," provides " that
all real and *personal estate,* whether owned by individuals or
corporations, *shall be liable to taxation,* in the manner and
subject to the exceptions herein specified, and shall be as-
sessed at the full and actual value thereof."   By the fourth
section of the supplement of March 31st, 1854, *Nix. Dig., p.*
850,* the term *personal estate* includes all debts due or owing
from solvent debtors, whether on contract, note, bond, or
mortgage.   That section embraces two classes of debts, *viz.,*
such as may be *owing* and not yet payable, and such as are

* *Rev., p.* 1151, ? 63.

already *due* or payable.   As fast as the annuity becomes due, it becomes a debt.   When due, it is vested, and the representatives of the annuitant could recover it if she died after it became due, but until the time of payment has arrived it is not a debt *due* or *owing*.   Whether it will be a debt or not will depend upon the contingency of the life or death of the annuitant, when the time of payment has arrived.   An annuity for life is different from a debt owing upon a bond payable at a certain time in the future.   In the latter case, it is a debt *in presenti solvendum in futuro;* in the former, whether it is a debt or not will depend upon the life or death of the annuitant at the time the annuity is to be paid.   As a debt, the proscutrix would be liable to be assessed only for such part of the bond as was actually *due and unpaid* at the time of the assessment, and no assessment could be made for the future payments, as they are contingent and uncertain, and may or may not be a debt due or owing.   But if this bond is considered as *personal estate* generally, and the assessment is not to be made in the light of a debt due or owing upon it, then the question arises, under the seventh section of the supplement of 1862, as to what is its *full and actual value?*   The bond does not secure any principal sum from which the annuity is to arise—it is simply for an annuity—a yearly sum chargeable upon the obligor and his representatives.   It may have to be earned by the personal labor of the obligor.   Should he raise it from his estate generally, such estate would be liable to be taxed as any other personal estate, but not as represented in the bond.   The bond does not in any way represent a principal sum from which the annuity is to be derived.   Its value is only in the semi-annual payments secured by it, and their value is dependent upon the life or death of the annuitant.   The true rule is, to value the bond at whatever was actually *due and unpaid* upon it.   Beyond that, the interest of the prosecutrix is uncertain, and may not amount to anything.   As the payments become due and are received by her, the same become a part of her personal estate, and liable to be taxed

as such, but so far as the assessment of the bond is concerned, it should only be assessed for the amount *due and unpaid* upon it. That would be the full and actual value contemplated by the act.

This view does not in any way conflict with the fourteenth section of the supplement of 1862, which provides "that it shall be the duty of the assessors, in assessing any property to be assessed under this act, to assess and value such property at its full and fair value, and at such price as in his judgment said property would sell for, at a fair and *bona fide* sale by private contract, at the time such assessment is made."

It is likely that this bond would sell for more than the amount actually due and unpaid upon it. Such a bargain would be based upon the probable life of the prosecutrix, the purchaser taking the risks of her death as well as the advantages of her living. Property of that kind always has a speculative value, and persons will sometimes buy it as a venture, but it cannot be held that the legislature intended to include such uncertain interests among the objects of taxation. Our tax law, as it now stands, contemplates certainties and present actual values and interests, as distinguished from those that are contingent or accidental. The property referred to in the fourteenth section is of that character, and such as may be peculiarly the subject of a sale, by reason of its settled or ascertainable actual value at the time of the assessment. There is nothing in the whole scope of the present tax laws to induce us to hold these uncertain interests liable to taxation. Such objects should be clearly expressed in the act, and not left to inference.

These considerations answer the suggestion of defendant's counsel, that the bond might be assessed at its present value, calculating according to the practice of the courts in cases of dower and estates by the curtesy. These calculations are made upon uncertainties—upon the probable duration of life, generally, and in particular cases might be controlled by the state of health of the person interested. Our tax law has not authorized such a mode of ascertaining values, nor the

taxation of interests so uncertain as to require the assessor to adopt it.

The argument of defendant's counsel that the debt secured by the bond is three thousand dollars, and not simply the sum mentioned in the condition, is answered by the fact that the bond itself clearly shows that the amount of three thousand dollars is only the penalty, and although in case of suit upon the bond judgment might be entered for the penalty, yet that the real interest intended to be secured and paid is what is contained in the condition, and to that only can we look for the estate of the obligee in the bond liable to taxation.

The assessment is erroneous in principle, and should be set aside, except only as to the amount that may have been *due and unpaid*, if anything, upon the bond at the time of the assessment.

CITED in *State, Hill, pros., v. Hansom, Collector,* 7 *Vroom* 51; *State, Rogers, pros., v. Pettit,* 10 *Vroom* 655; *State, Gano, pros., v. Apgar,* 12 *Vroom* 231; *State, Richey, pros., v. Shurts,* 12 *Vroom* 280.